*245 The opinion of the Court was delivered by
O’Neall, J.
This case is presented in such a way, that we have been put to great difficulty in ascertaining the facts upon which it turns, viz.: whether the goods ever were received by the Railroad as a common carrier ?
The Recorder has very fully stated his views of the law, but he has really favored us with no statement of the case. The latter we desire to be furnished with in as clear, and concise a manner, as possible. It seems to me, a report should contain a condensed statement of a case, so as to be intelligible to every one, both upon the facts and the law. I have never approved of the practice of sending up notes of testimony: I well remember the difficulty experienced by the Court of Appeals, before I was a member of it, indeed before I was a Judge, from the sending up the notes of evidence and grounds of appeal, as a report.
Looking into the declaration, the third and fourth counts may make cases of the following kind: the third, that the plaintiffs consigned goods to the defendant to be received by it and taken care of, and then to be carried on its road to Columbia: that it did not take care of, and safely convey the same: fourth, that the defendant undertook to take care of the said goods, and while it had the care that it so negligently kept them that they were injured.
It may be that under these counts the defendant may be charged as forwarding agent. If the proof justified the conclusion that the Company ever had possession of the goods, and the Recorder had placed the case upon the true ground, the liability of the Company in that particular and not as a carrier, the verdict might be sustained.
But in fact the Company never had the possession of the goods. They were consigned to it, but the vessel sprung a leak on her voyage, the cargo was injured, and a general average bond had to be signed before the goods were delivered to the consignees. The Company was not authorized to give such a *246 bond; it, or rather its officer, Burdell, apprized the plaintiffs of that fact, and advised that Messrs. Heriot and Petit should be appointed their agent for that purpose. This was done. In the same letter the plaintiffs are told until the average bond is executed the goods are in the hands of Mr. Baker, the ship’s agent. The goods were stored on the wharf, not by the Company, but I suppose by the agent. It therefore never had the possession in fact; and if liable at all, it must be on a count for not receiving the goods after the execution of the average bond, and notice thereof, and then for not forwarding them to and by the Railroad.
Until the goods were in the possession of the Railroad Company, it is not liable as a common carrier. Certainly a very different rule applies to the liability of the Company, as a common carrier, and under an undertaking by it to receive and forward. In the former, when possession, actual or constructive, is shown, the Company is liable for all injuries and losses, except such as may arise from the act of God or the enemies of the country. In the latter it is liable for refusing to receive, unless it shows good cause for not receiving; and, after receiving, then, if it does not use all the care which a prudent man would about his own business, it is liable for any injury or loss which may arise. When the goods are received by the Company for carriage, it is liable as a common carrier.
The Recorder’s view therefore of the law was erroneous: and on the third ground the motion for a new trial is granted. The plaintiffs may add counts to their declaration charging the defendant for not receiving the goods, and also for not for_ warding them to and by its own Railroad.
Wardlaw, WithbRS, WhitNer, Glover, and Munro, JJ., concurred.

Motion granted.